SALCINES, Judge.
Eric Sebastian Brown timely appeals the judgment rendered and the sentences imposed following a jury’s verdict of guilt for attempted first-degree murder of a law enforcement officer and four counts of armed robbery. This was Brown’s second trial as this court had previously reversed and remanded for a new trial. Brown v. State, 725 So.2d 1164 (Fla. 2d DCA 1998). Brown correctly maintains, and the State concedes, that the Faretta[1] inquiry was inadequate in the present case.[2] Thus, we reverse and remand for a new trial.
Brown raises additional issues which are hereby rendered moot and we, consequently, decline to address those. One issue pertaining to his sentence, however, re *975 quires a brief comment. Brown maintains that the sentence imposed after his second trial was improper because it was longer than that imposed after the first trial. He asserts that he was sentenced to concurrent sentences in regard to all of his convictions following his first trial, but was sentenced to consecutive sentences following his second trial. His contention is neither supported nor refuted by the record provided to this court.
Our review of the record reflects that the second trial court intended to impose an identical sentence to that imposed by the original trial court. Indeed, the original written sentence appears, at one place, to require all the sentences pertaining to the additional charges for which Brown was convicted to run consecutive to the sentence imposed on the conviction pertaining to attempted first-degree murder of a law enforcement officer. At another location in the original written sentencing documents, however, there is a reference to concurrent sentences. Because the original written sentencing documents are unclear, if Brown is once again found to be guilty, at any future sentencing on this matter the trial court should obtain a copy of the transcript of the original sentencing hearing. Thereafter, if a sentence is imposed which is longer than that imposed at the original sentencing hearing, the trial court should give appropriate reasons for the harsher sentence.
Reversed and remanded for a new trial.
CASANUEVA, A.C.J., and STRINGER, J., Concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. The comments to Florida Rule of Criminal Procedure 3.111 now provide an excellent colloquy which can be followed when a Faret-ta inquiry is implicated.